UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

----------------
No. 97-10111
----------------

United States of America,

Plaintiff-Appellee,

v.

Trinidad Gonzalez,

Defendant-Appellant.

-------------------------------------------------------------
Appeal From the United States District Court
for the Northern District of Texas
(4:96-CV-653-Y)
-------------------------------------------------------------
March 12, 1998

Before REAVLEY, JONES, and BENAVIDES, Circuit Judges:

PER CURIAM:[*]

This appeal arises from Gonzalez's motion challenging his sentence brought under 28 U.S.C.

§ 2255.  The district court denied this motion without a hearing.  We affirm.

In 1993, after being indicted for his role in a drug distribution conspiracy, Gonzalez entered

into a plea agreement with the United States.  In exchange for Gonzalez's pleading guilty to

possessing with the intent to distribute 978 grams of cocaine in violation of 21 U.S.C. § 841(a), the

United States agreed to drop the remaining counts of the indictment and to refrain from making a

sentencing recommendation.  In the factual resume underlying this agreement, Gonzalez stated that

he had "distributed, or caused to be distributed, in the Fort Worth area in excess of 150 kilograms

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of cocaine."

At rearraignment, Gonzalez pled guilty and stated under oath that he had signed the factual resume after having read it or having it read to him in its entirety, and that he agreed with the factual stipulations that it contained. The factual resume, however, was not read into the record. The record does indicate, though, that the government explained that Gonzalez was subject to a fine of up to two million dollars, a term of imprisonment between five and forty years,[1] a term of supervised release between four years and life, and a special mandatory special assessment of fifty dollars.

Notwithstanding its plea agreement to the contrary, the government at sentencing recommended that Gonzalez be sentenced to forty years in prison. The sentencing guidelines, however, called for a life term. Because the maximum statutory sentence was less than the minimum guideline sentence, the district court sentenced Gonzalez to forty years. U.S.S.G. § 5G1.1(a) (stating that the statutorily authorized maximum sentence shall be the guideline sentence under these circumstances).

Before us on appeal are Gonzalez's claims: 1) that he was denied the effective assistance of trial counsel because, notwithstanding his sworn statement to the contrary, he was never informed of the factual stipulation regarding his responsibility for distributing over 150 kilograms of cocaine; 2) that he was denied effective assistance of appellate counsel because his lawyer failed to argue that the district court committed plain error by not advising him of his possible minimum and maximum sentences; and 3) that the government breached the plea agreement by recommending a sentence. We review and reject each of these contentions in turn.

---

[1] Under 21 U.S.C. § 841(b)(1)(B)(ii), a person pleading guilty to possessing with the intent to distribute 978 grams of cocaine is subject to a sentence of five to forty years.

Gonzalez first argues that he was denied the effective assistance of trial counsel because his lawyer failed to inform him of the cocaine distribution stipulation contained in the factual resume supporting his guilty plea. In his affidavit, Gonzalez states that he is unable to read, speak, or understand English, and that his trial "[c]ounsel never did explain to me that the plea agreement and factual basis contained a stipulation that I was responsible for 150 kilograms of cocaine." He further claims that he would not have agreed to the plea had he been aware of this stipulation. This affidavit, however, contradicts Gonzalez's statement under oath at rearraignment that the factual resume had been read to him in its entirety.

As a general rule, "a defendant will not be heard to refute his testimony given under oath when pleading guilty." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, a habeas petitioner bringing a claim under § 2255 that conflicts with his sworn testimony must provide "detailed factual allegations" regarding the alleged violation of his constitutional rights, and these allegations must be corroborated before a hearing will be required. *See, e.g.*, *Potts v. Zant*, 638 F.2d 727, 751 (5th Cir. 1981). In cases where a petitioner claims that he or she was denied the effective assistance of counsel at the pleading stage, these allegations must be corroborated "by the affidavit of a reliable third person." *See, e.g.*, *Fuller*, 769 F.2d at 1099; *United States v. Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979). Once the proper corroboration has been offered, "the petitioner is entitled to a hearing unless the motion and the files on record conclusively show that the petitioner is entitled to no relief." *See Zant*, 638 F.2d at 751 (reconciling the requirement that a § 2255 motion not be denied without a hearing and the requirement that a petitioner not be allowed to contradict sworn testimony without corroborating evidence).

Accordingly, even assuming that Gonzalez's allegations state a claim for the violation of his

3

Sixth Amendment rights, he is not entitled to a hearing on this claim because he has not provided the required corroboration. Instead, he has submitted the unnotarized affidavit of his incarcerated brother who was not present during the plea discussions between Gonzalez and his lawyer. In this affidavit, Gonzalez's brother merely states that Gonzalez told him that his lawyer failed to inform him of the factual stipulation. This affidavit is patently insufficient under *Fuller*. Thus, although the sentencing court's failure to read the factual resume into the record is troubling, the district court did not abuse its discretion in denying Gonzalez a hearing on this claim. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (noting that the denial of a § 2255 motion without a hearing is reviewed for an abuse of discretion).

In his second claim, Gonzalez contends that the district court improperly informed him of his potential statutory mandatory minimum and maximum sentences in accordance with Federal Rule of Criminal Procedure 11, and that his appellate counsel was ineffective for failing to raise this argument on direct appeal. Even assuming that Gonzalez has not waived this argument by failing to raise it in the district court, his claim lacks merit. Gonzalez pleaded guilty to distributing 978 grams of cocaine. Accordingly, he was subject to a sentence of five to forty years imprisonment under 21 U.S.C. § 841(b)(1)(B)(ii), and he was informed of this sentencing range at rearraignment. Although the stipulation that he had distributed over 150 kilograms of cocaine affected Gonzalez's sentencing range under the guidelines by raising his offense level, the amount of cocaine he pled guilty to possessing with an intent to distribute—987 grams—controlled his possible statutory sentence. Thus, the district court did not fail to inform Gonzalez "of any possible statutorily required minimum sentences he might face as a result of application of the quantity-based guidelines," *United States v. Watch*, 7 F.3d 422, 428 (5th Cir. 1993) (ensuring that defendants are able to make informed guilty

4

pleas when the quantity of the controlled substance involved in the offense to which they are pleading is not specified in the indictment), and there was no basis for appellate counsel to argue otherwise.

In his third claim, Gonzalez argues that the government breached the plea agreement by recommending that he be sentenced to forty years. Even assuming that this argument was not waived and that the government breached the agreement, Gonzalez was not prejudiced by this conduct. This is because the sentencing guidelines mandated that he be sentenced to the maximum statutory sentence, which in this case was forty years. Consequently, the government's recommendation did not prejudice Gonzalez because the district court was required to sentence him to forty years in prison.

AFFIRMED.